EATON & VAN WINKLE LLP
Robert K. Gross (RG 5635)
Robert W. Swetnick (RS 6443)
3 Park Avenue
New York, New York 10016
Tel: (212) 779-9910
Fax: (212) 779-9928
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMANUEL MARTINZEZ, on behalf of himself and others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NFP BAKERY MANUFACTURING CORP.,<br><br>　　　　　　　Defendant. | **ANSWER**<br><br>08 CV 3979 (RPP) |

　　　　Defendant NFP BAKERY MANUFACTURING CORP. (hereinafter "NFP" or "Defendant"), by its attorneys, Eaton & Van Winkle LLP, as and for its Answer to the Complaint herein, states as follows:

　　1.　　Denies the allegations contained in paragraph 1 of the Complaint.

　　2.　　Denies the allegations contained in paragraph 2 of the Complaint.

　　3.　　Denies the allegations contained in paragraph 3 of the Complaint.

　　4.　　Denies the allegations contained in paragraph 4 of the Complaint.

　　5.　　Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint.

　　6.　　Admits the allegations contained in paragraph 6 of the Complaint.

7. Admits the allegations contained in paragraph 7 of the Complaint.

8. Denies the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Admits the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16. Repeats, reiterates and realleges each and every response to paragraphs 1 through 15 of the Complaint as if pleaded at length herein in answer to paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Admits so much of paragraph 18 of the Complaint as alleges that NFP employed plaintiff from on or about April 22, 2007 to on or about January 6, 2008, and affirmatively states that plaintiff's employment was not covered by the FLSA.

19. Admits the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint, and affirmatively states that plaintiff's workweek was substantially less than 40 hours.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Admits so much of paragraph 23 of the Complaint as alleges that certain records pertaining to the plaintiff are in the possession and custody of NFP, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint.

29. Repeats, reiterates and realleges each and every response to paragraphs 1 through 28 of the Complaint as if pleaded at length herein in answer to paragraph 29 of the Complaint.

30. Admits so much of paragraph 30 of the Complaint as alleges that plaintiff was employed by NFP; denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in said paragraph; and respectfully refers to the referenced statutory provisions for a statement of their terms.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

33. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

34. The Court lacks jurisdiction over the subject matter of this action because NFP was not an employer engaged in interstate commerce and/or the production of goods for interstate commerce, and plaintiff was not a covered individual within the meaning of the Fair Labor Standards Act during the course of plaintiff's employment with NFP.

## THIRD AFFIRMATIVE DEFENSE

35. Plaintiff is not entitled to invoke the Fair Labor Standards Act because neither plaintiff nor NFP was engaged in interstate commerce or the production of goods for interstate commerce during the course of plaintiff's employment with NFP.

## FOURTH AFFIRMATIVE DEFENSE
(Pleaded in the Alternative)

36. Plaintiff's employment with NFP would have been exempt from coverage under the Fair Labor Standards Act in any event, by reason of the fact that plaintiff was a driver making local deliveries who was compensated on the basis of a plan the general purpose and effect of which was to reduce plaintiff's workweek to 40 hours or less, within the meaning of 29 U.S.C. §213(b)(11).

## FIFTH AFFIRMATIVE DEFENSE
(Pleaded in the Alternative)

37. Plaintiff seeks compensation for activities that could not give rise to liability under the Fair Labor Standards Act in any event, consisting of travel to and from plaintiff's work for NFP and/or activities that were preliminary or postliminary to such work within the meaning of 29 U.S.C. §254.

WHEREFORE, defendant, NFP, demands judgment dismissing the Complaint together with the costs, disbursements and attorneys' fees incurred in this action and such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         June 20, 2008

EATON & VAN WINKLE LLP

By: _____
Robert K. Gross (RG 5635)
Robert W. Swetnick (RS 6443)
*Attorneys for Defendant*
3 Park Avenue
New York, New York 10016
Tel: (212) 779-9910
Fax: (212) 779-9928

To:   LAW OFFICES OF
      ROBERT L. KRASELNIK, PLLC
      *Attorneys for Plaintiff*
      40 Wall Street, 28th Floor
      New York, New York 10005
      Tel: (212) 400-7160
      Fax: (212) 400-7162

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMANUEL MARTINEZ, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br> - against -<br><br>NFP BAKERY MANUFACTURING CORP.,<br><br>      Defendant. | Case No. 08 CV 3979 (RPP)<br><br>**AFFIDAVIT OF SERVICE** |

STATE OF NEW YORK )
         ) ss.:
COUNTY OF NEW YORK )

  Steven J. Lapriore Jr., being duly sworn, deposes and states:

  1. That I am over the age of eighteen (18) years; reside in Port Jervis, New York, and am not a party to this action.

  2. That I served a true and complete copy of the **ANSWER**, dated June 20th, 2008, in this action.

  3. That such service was made by mailing a copy of said document on June 20, 2008.

  4. That I mailed a copy of the above-referenced document upon:

      Law Offices of Robert L. Kraselnik, PLLC
      Attn: Robert L. Kraselnik, Esq.
      40 Wall Street, 28th Floor
      New York, New York 10005

by depositing said document, with first-class postage prepaid, thereon, in an official depository of the U.S. Postal Service within the City, County, and State of New York.

                STEVEN J. LAPRIORE JR.

Sworn to before me this
20th day of June 2008,

_____
NOTARY PUBLIC

MICHAEL R KOT
Notary Public, State of New York
NO. 01KO6182013
Qualified in New York County
Commission Expires 08/11/2012